**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------×

PAUL SACCO,

      *Plaintiff*,

   *v*.

STV GROUP, INCORPORATED,

      *Defendant*.

-------------------------------------------------------------------------×

**16 CV 7055**


**COMPLAINT**


   Plaintiff Paul Sacco, by his counsel, The Harman Firm, LLP, alleges for his Complaint against Defendant STV Group, Incorporated, as follows:

## PRELIMINARY STATEMENT

1.  Plaintiff Paul Sacco ("Plaintiff" or "Mr. Sacco") seeks damages and costs against Defendant STV Group, Incorporated ("Defendant" or "STV") for interfering with his use of rights protected by the Family Medical Leave Act ("FMLA") and for retaliating against him for taking FMLA leave by terminating his employment, in violation of the FMLA, as codified at 28 U.S.C. §§ 2601–2654.

2.  Plaintiff also seeks damages and costs against Defendant for terminating his employment on the basis of a disability, in violation of the New York City Human Rights Law ("NYCHRL"), as codified at N.Y. Admin. Code §§ 8-101 to 8-131.

## JURISDICTION AND VENUE

3.  Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims, as Defendant violated Plaintiff's rights under the FMLA.

4.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims brought under the NYCHRL, as they are so related to the FMLA claims that they form part of the same case or controversy.

5.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

## PARTIES

6.      Plaintiff, at all times relevant hereto, was and is a resident of Fairfield County in the State of Connecticut.

7.      Upon information and belief, at all times relevant hereto, Defendant was and is a corporation organized under the laws of the State of Pennsylvania with its headquarters located at 225 Park Avenue South, New York, New York 10003.

## STATEMENT OF FACTS

8.      In and around July 2006, STV hired Mr. Sacco as a Senior Associate.

9.      In and around 2009, Mr. Sacco was promoted to Vice President Project Executive.

10.     Throughout his employment, Mr. Sacco was a dedicated employee who consistently executed his job responsibilities, received highly positive feedback in his yearly evaluations, and worked on award-winning projects for STV.

11.     Throughout his tenure at STV, Mr. Sacco never received any warnings, write-ups, discipline, or the like.

12.     In and around early March 2016, Mr. Sacco learned that he would need to undergo gastrointestinal surgery due to a colovesical fistula, a rare condition in which an abnormal connection develops between the colon and urinary bladder.

13.     Mr. Sacco's condition causes symptoms such as chronic urinary tract infection, bleeding, pain and discomfort, fever, malaise, and ultimately death if left untreated.

14.     Mr. Sacco promptly informed STV of his diagnosis and upcoming need to take medical leave.

15.     On or about March 25, 2016, STV sent Mr. Sacco a letter outlining his rights and obligations related to taking leave from work pursuant to the FMLA.

16.     On or about April 11, 2016, STV approved Mr. Sacco to take four (4) weeks of short-term disability and FMLA leave for his upcoming surgery.

17.     On or about April 12, 2016, Mr. Sacco underwent major surgery on his intestines and bladder.

18.     Mr. Sacco was in the hospital until approximately April 18, 2016, after his surgery.

19.     On or about May 8, 2016, Mr. Sacco's doctor recommended that he extend his leave until June 11, 2016, due to unresolved surgical complications, including urinary tract infections which required monitoring and numerous follow-up visits to Mr. Sacco's urologist and gastrointestinal surgeon.

20.     On or about May 11, 2016, Mr. Sacco submitted his request to extend his FMLA leave until June 11, 2016, to Beth Gabel, an employee in STV's Human Resources ("HR") Department.

21.     On or about May 17, 2016, Ms. Gabel responded to Mr. Sacco's email, stating that STV would grant his request as long as his doctor submitted the requisite paperwork to STV's health insurance provider.

22.     However, less than three (3) hours later, Mr. Sacco received a call from Gus Maimos, his direct supervisor, demanding that Mr. Sacco immediately resign from STV.

23.     Mr. Maimos cursed at Mr. Sacco, accused him of "abusing" FMLA leave and of not truly being disabled, and called him a "disgrace" to STV for "being home" instead of at work.

24.     Shortly after the call with Mr. Maimos, Mr. Sacco filed a formal internal complaint of harassment with HR about Mr. Maimos' baseless accusations regarding Mr. Sacco's use of FMLA leave, as well as his harassing and discriminatory comments about Mr. Sacco's disability.

25.     Mr. Sacco also emailed Michelle Bennett, STV's Vice President and director of HR, detailing the call with Mr. Maimos and reminding HR that he was on FMLA leave due to his gastrointestinal surgery, a serious health condition.

26.     On or about the following day, May 18, 2016, Mr. Sacco received a phone call from Ms. Bennett and Judith Held, STV's General Counsel and Senior Vice President, who refused to address Mr. Sacco's complaint of harassment.

27.     In fact, Ms. Bennett and Ms. Held supported Mr. Maimos' discriminatory conduct, telling Mr. Sacco that he could either resign or be terminated.

28.     Mr. Sacco asked Ms. Bennett and Ms. Held to send him a termination letter stating the reason for his termination, but they refused to do so.

29.     On or about May 19, 2016, Ms. Bennett and Ms. Held again called Mr. Sacco and again informed him that he could either resign or be terminated.

30.     Shortly after that call, at approximately 12:15 p.m., Ms. Held emailed Mr. Sacco, reiterating that Mr. Sacco must either resign or be terminated.

31.     In this email, STV demanded that Mr. Sacco respond by 4:00 p.m. that afternoon, thereby giving Mr. Sacco a deadline of less than four (4) hours.

32.     STV did not provide Mr. Sacco with terms of resignation or termination and ignored Mr. Sacco's repeated requests for the reason for his termination.

33.     Later that afternoon, STV terminated Mr. Sacco via email without explanation.

34.     On or about May 20, 2016, STV sent Mr. Sacco an "Exit Package" termination agreement via email, which STV instructed him to sign.

35.     The "Exit Package" stated that Mr. Sacco's termination had been by "mutual consent," which is not true.

36.     STV terminated Mr. Sacco for requesting additional FMLA leave and due to his disability, and Mr. Sacco did not sign the agreement.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### Interference in Violation of the FMLA

37.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 36 with the same force as though separately alleged herein.

38.     The FMLA prohibits an employer from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any FMLA right.

39.     Defendant interfered with Plaintiff's exercise of his FMLA rights by terminating his employment for requesting FMLA leave.

40.     As a direct consequence of Defendant's illegal conduct, Plaintiff has been denied wages, salary, employment benefits, and professional advancement, and has suffered actual monetary losses.

41.     Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and compensation that the Court deems appropriate.

### SECOND CAUSE OF ACTION
### Retaliation in Violation of the FMLA

42.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 41 with the same force as though separately alleged herein.

43.     The FMLA prohibits employers from discriminating or retaliating against an employee for exercising or attempting to exercise any right protected by the FMLA.

44.     Defendant retaliated against Plaintiff by terminating him for taking FMLA leave.

45.     As a direct consequence of Defendant's illegal conduct, Plaintiff has been denied wages, salary, employment benefits, and professional advancement, and has suffered actual monetary losses.

46.     Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and compensation that the Court deems appropriate.

**THIRD CAUSE OF ACTION**
**Disability Discrimination in Violation of the NYCHRL**

47.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 46 with the same force as though separately alleged herein.

48.     The NYCHRL prohibits an employer from discriminating against an employee in terms, conditions or privileges of employment on the basis of that employee's disability.

49.     Under the NYCHRL, Plaintiff's stomach condition, gastrointestinal surgery, and related complications qualify as a disability, as they constituted physical impairments to his digestive and genitourinary systems.

50.     Defendant was aware of Plaintiff's disability.

51.     Defendant discriminated against Plaintiff by criticizing him for taking medical leave, demeaning his medical condition, and ultimately terminating him due to his disability.

52.     Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages to be determined at trial;

B. For the second cause of action, damages to be determined at trial;

C. For the third cause of action, damages to be determined at trial; and

D. For such other and further relief as the Court deems just and proper.


Dated:      New York, New York
             September 9, 2016

By: _____

Walker G. Harman, Jr. [WH-8044]
Edgar M. Rivera [ER-1378]
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com

*Attorneys for Plaintiffs*