**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Attorneys for Defendant
STV Group, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PAUL SACCO,<br><br>       Plaintiff,<br><br>v.<br><br>STV GROUP, INCORPORATED,<br><br>       Defendant. | Case No. 16-cv-07055-VEC<br><br>Honorable Valerie E. Caproni, U.S.D.J.<br><br>**ANSWER AND SEPARATE DEFENSES** |

Defendant STV Group, Inc. ("Defendant"), by and through its attorneys, K&L Gates LLP, answers the Complaint of Plaintiff Paul Sacco ("Plaintiff") as follows:

**ANSWER AS TO "PRELIMINARY STATEMENT"**

1. Defendant denies the allegations of Paragraph 1.

2. Defendant denies the allegations of Paragraph 2.

**ANSWER AS TO "JURISDICTION AND VENUE"**

3. Defendant denies that "Defendant violated Plaintiff's rights under the FMLA," and states that the remaining allegations set forth in Paragraph 3 contain legal conclusions to which no response is required.

4. The allegations set forth in Paragraph 4 contain legal conclusions to which no response is required.

5. The allegations set forth in Paragraph 5 contain legal conclusions to which no response is required.

## ANSWER AS TO "PARTIES"

6. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6 and accordingly Defendant puts Plaintiff to his proofs with respect thereto.

7. Defendant admits that it is a corporation organized under the laws of the Commonwealth of Pennsylvania. Except as so admitted, Defendant denies the allegations of Paragraph 7.

## ANSWER AS TO "STATEMENT OF FACTS"

8. Defendant denies the allegations of Paragraph 8. Defendant never employed Plaintiff. Plaintiff was employed by STV Construction, Inc.

9. Defendant admits that STV Construction, Inc. promoted Plaintiff to Vice President in 2009. Except as so admitted, Defendant denies the allegations of Paragraph 9.

10. Defendant denies the allegations of Paragraph 10.

11. Defendant denies the allegations of Paragraph 11.

12. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12 and accordingly Defendant puts Plaintiff to his proofs with respect thereto.

13. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13 and accordingly Defendant puts Plaintiff to his proofs with respect thereto.

14. Defendant denies the allegations of Paragraph 14.

15. Defendant refers to the alleged letter dated March 25, 2016 for accuracy as to its contents. Except as so stated, Defendant denies the allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17 and accordingly Defendant puts Plaintiff to his proofs with respect thereto.

18. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18 and accordingly Defendant puts Plaintiff to his proofs with respect thereto.

19. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19 and accordingly Defendant puts Plaintiff to his proofs with respect thereto.

20. Defendant refers to the alleged email dated May 11, 2016 for accuracy as to its contents. Except as so stated, Defendant denies the allegations of Paragraph 20.

21. Defendant refers to the alleged email dated May 17, 2016 for accuracy as to its contents. Except as so stated, Defendant denies the allegations of Paragraph 21.

22. Defendant admits that Plaintiff and Gus Maimos participated in a telephone conference on May 17, 2016. Except as so admitted, Defendant denies the allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant admits that Plaintiff sent an email to Michelle Bennett and refers to the email for accuracy as to its contents. Except as so admitted, Defendant denies the allegations of Paragraph 25.

26. Defendant admits that Michelle Bennett, Judith Held and Plaintiff had a telephone conference on May 18, 2016. Except as so admitted, Defendant denies the allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant admits that Michelle Bennett, Judith Held and Plaintiff had a telephone conference on May 19, 2016. Except as so admitted, Defendant denies the allegations of Paragraph 29.

30. Defendant refers to the alleged email for accuracy as to its contents. Except as so admitted, Defendant denies the allegations of Paragraph 30.

31. Defendant refers to the alleged email for accuracy as to its contents. Except as so admitted, Defendant denies the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32.

33. Defendant refers to the alleged email for accuracy as to its contents. Except as so admitted, Defendant denies the allegations of Paragraph 32.

34. Defendant refers to the alleged email for accuracy as to its contents. Except as so admitted, Defendant denies the allegations of Paragraph 34.

35. Defendant refers to the alleged document for accuracy as to its contents. Except as so admitted, Defendant denies the allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

## ANSWER AS TO "FIRST CAUSE OF ACTION"

37. Defendant repeats and incorporates its responses to the allegations of Paragraphs 1 through 36 as if set forth fully herein.

38. The allegations set forth in Paragraph 38 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

40. Defendant denies the allegations of Paragraph 40.

41. Defendant denies the allegations of Paragraph 41.

## ANSWER AS TO "SECOND CAUSE OF ACTION"

42. Defendant repeats and incorporates its responses to the allegations of Paragraphs 1 through 41 as if set forth fully herein.

43. The allegations set forth in Paragraph 43 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant denies the allegations of Paragraph 46.

## ANSWER AS TO "THIRD CAUSE OF ACTION"

47. Defendant repeats and incorporates its responses to the allegations of Paragraphs 1 through 46 as if set forth fully herein.

48. The allegations set forth in Paragraph 48 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 48.

49. The allegations set forth in Paragraph 49 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 49.

50. Defendant denies the allegations of Paragraph 50.

51. Defendant denies the allegations of Paragraph 51.

52. Defendant denies the allegations of Paragraph 52.

Defendant denies that Plaintiff is entitled to any relief, including the relief set forth in the *ad damnum* clause.

### FIRST SEPARATE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiff has failed to mitigate or minimize damages, if any.

### THIRD SEPARATE DEFENSE

Plaintiff is estopped and barred by his own conduct from requesting the relief set forth in the Complaint.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of laches, waiver, and/or estoppel.

### FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### SIXTH SEPARATE DEFENSE

Plaintiff has not been injured within the meaning of the law.

**SEVENTH SEPARATE DEFENSE**

Any damages suffered by Plaintiff are the result of his own deliberate or negligent actions or failure to act and are not the fault of the Defendant.

**EIGHTH SEPARATE DEFENSE**

Any damages suffered by Plaintiff are barred, in whole or in part, by the doctrine of after-acquired evidence.

**NINTH SEPARATE DEFENSE**

Plaintiff did not seek or take leave from work for a protected reason.

**TENTH SEPARATE DEFENSE**

Plaintiff failed to comply with conditions and/or requirements for taking leave, including under the Family and Medical Leave Act ("FMLA").

**ELEVENTH SEPARATE DEFENSE**

Plaintiff's disability discrimination claims fail because Plaintiff did not suffer a "disability" within the meaning of the law.

**TWELFTH SEPARATE DEFENSE**

The actions about which Plaintiff complains were taken for legitimate, business-related reasons, which were not discriminatory, retaliatory or in violation of applicable law.

**THIRTEENTH SEPARATE DEFENSE**

Defendant was not Plaintiff's employer.

**FOURTEENTH SEPARATE DEFENSE**

At all times relevant to this action, Defendant acted in good faith towards Plaintiff and had reasonable grounds for believing that its actions towards him were not violative of the law.

## RESERVATION

Defendant hereby expressly reserves and does not waive the right to assert any and all defenses at such time and to such extent as discovery and factual developments establish a basis therefor.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint with prejudice in its entirety, for an award of all reasonable costs and attorneys' fees for the defense of this action, and for such other relief as the Court may deem just and equitable.

**K&L GATES LLP**
Attorneys for Defendant
STV Group, Inc.

s/ Vincent N. Avallone
Vincent N. Avallone
One Newark Center- 10th Floor
Newark, NJ 07102
Telephone (973) 848-4000
Fax (973)848-4001
Email: vincent.avallone@klgates.com

Dated: October 20, 2016

## CERTIFICATION OF SERVICE

This is to certify that the Answer to Plaintiffs' Complaint was filed electronically. Notice of this filing will be sent by e-mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

**K&L GATES LLP**
Attorneys for Defendant
STV Group, Inc.


s/ Vincent N. Avallone
Vincent N. Avallone
One Newark Center- 10th Floor
Newark, NJ 07102
Telephone (973) 848-4000
Fax (973)848-4001
Email: vincent.avallone@klgates.com

Dated: October 20, 2016