UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/4/2016

PAUL SACCO,

        Plaintiff,

v.

STV GROUP, INCORPORATED,

        Defendant.

Case No. 16-cv-07055-VEC

Honorable Valerie E. Caproni, U.S.D.J.

**PROTECTIVE ORDER**

      **WHEREAS**, litigation is currently pending between the parties set forth in the caption above (collectively, "Parties"); and

      **WHEREAS,** the Parties have requested or will request the production of certain documents and information in connection with ongoing discovery and will notice certain depositions; and

      **WHEREAS,** the Parties have indicated that certain information and certain documents responsive to discovery requests contain or may contain material of a confidential and/or proprietary nature; and

      **WHEREAS,** the Parties have indicated that they will be prejudiced by producing the information, documents, and testimony without the protection of this Confidentiality Order; and

      **WHEREAS,** the Parties desire to prevent the other Parties from attempting to use the information obtained in the course of this lawsuit to further their personal and/or business interests outside of the litigation;

      **NOW, THEREFORE**, for good cause shown, and upon the agreement and stipulation of the Parties, it is hereby **Ordered** as follows:

1. In connection with discovery and other proceedings in this action, any party or any third-party shall have the right to designate any document, thing, material, testimony, or other information derived therefrom that the designating party considers in good faith to contain confidential medical information, confidential personnel information, a trade secret, confidential or proprietary business information, or confidential personal information about a party or third-party or any of its employees, including social security numbers or other personal indentifying information, as "CONFIDENTIAL" (referred to as "Designated Material").

2. All Designated Material, any copy, excerpt, or summary thereof, or any fact, opinion, or information reflected in such material shall not be delivered or disclosed to any person except as hereinafter provided.  Nor shall the substance of any Designated Material be revealed except to persons authorized hereunder and only as so provided.

3. Designated Material shall be used or disseminated only for the purpose of prosecuting or defending the above-captioned action and not for any other purpose.

4. All Designated Material shall be marked or otherwise designated "CONFIDENTIAL" in a readily visible or noticeable manner.  In the case of documents and responses to requests for information, the designations set forth in this Paragraph 4 shall be done by affixing a stamp or designation on each page of each such document or response prior to production or service of the Designated Material.

5. If counsel for a party receiving Designated Material intends to submit documents and materials containing Designated Material to the court, including, *inter alia*, responses to requests for information, briefs, and memoranda that comprise or contain Designated Material or information taken therefrom, the Parties shall request permission to submit said documents and

- 3 -

materials in redacted form or under seal pursuant to the Honorable Valerie Caproni's Individual Practices in Civil Cases Rules.

6. Discovery materials designated "CONFIDENTIAL" shall not be disclosed to any person other than:

a. Counsel appearing in this action, in-house counsel for the parties who are working on this action, and the staff, paralegals, and employees of counsel appearing in this action who are assisting in the prosecution, defense, settlement, or trial of this action and whose duties require access to such material;

b. Experts or consultants retained by counsel appearing in this action who are assisting in the prosecution, defense, settlement, or trial of this action, who are independent of, and are not, and have not been, employees of any party, and whose responsibilities in connection with this action require access to such material;

c. The Parties, and officers, directors, and/or employees of the Parties who are directly involved in the discovery proceedings or preparation of this litigation for trial; provided, however, that such persons shall not be allowed to retain copies of CONFIDENTIAL material or make notes of their contents;

d. Persons who are actual or potential witnesses provided, however, that such persons shall not be allowed to retain copies of CONFIDENTIAL material or make notes of their contents;

e. Court reporters who are assigned to transcribe hearings in this matter; and

f. The Court, court employees, and the jury.

7. No party may use any information drawn from the Designated Material to further that party's personal or business interests. Further, the Parties shall not use in any way or in any

way make public the information in the documents or disclose that the documents have been produced in the course of this matter.

8. Prior to any disclosure of Designated Material to any person listed in paragraphs 6(b), 6(c), and 6(d) of this Confidentiality Order, a copy of this Confidentiality Order shall be presented to that person, who shall review it and who shall signify that he or she has received and reviewed the contents of this Confidentiality Order and consents to be bound by its terms.

9. In addition, prior to any disclosure of Designated Material to any persons listed in paragraphs 6(b) and 6(d) of this Confidentiality Order, such person shall have executed a certification in the form attached hereto as Exhibit A, a true copy of which shall be maintained by counsel disclosing the Designated Material.

10. No person under paragraph 6(b), 6(c), or 6(d) shall be permitted to retain any Designated Material unless the Court, upon motion by the party seeking retention, allows for such retention or unless the party designating the confidential material authorizes such retention.

11. In the event that a person listed in paragraph 6(b) or 6(d) refuses to sign the certification in the form attached hereto as Exhibit A, counsel seeking to disclose the Designated Material may not do so unless such counsel moves the Court for permission to make such disclosure without obtaining a signed certification, and receives a separate protective order to that effect, or unless the party designating the Designated Material authorizes such disclosure.

12. This Confidentiality Order does not apply to disclosure by the respective Parties of their own Designated Material to persons or entities of their own choosing.

13. Any deposition testimony (including exhibits), whether oral or written, may become Designated Material by so stating on the record at the time of the deposition, or within ten (10) days after receipt of the deposition transcript by the designating party or third-party.

Any such Designated Material shall thereafter be subject to all of the provisions of this stipulation of confidentiality.

14. Any hearing testimony, whether oral or written, may—if approved by the Court—become Designated Material by advising the court reporter on the record at the time such testimony is given. If such designation is made at the time of the hearing, and approved by the Court, the reporter shall then separately transcribe those portions of the testimony that have been so designated and shall appropriately mark the face of the separate transcript with the mark referred to in Paragraph 4 of this Confidentiality Order and seal it in a separate envelope. Whenever Designated Material is to be discussed or disclosed at the hearing, the party or third-party designating the Designated Material may exclude, with the Court's permission, any person who is not authorized to receive such information under this Protective Order.

15. Nothing in the foregoing provisions of this Confidentiality Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate. Nor shall the failure of any party to designate a document as confidential be deemed a waiver of that party's right to so designate a document at a later date; however, such a subsequent designation shall not be retroactive.

16. Any party intending to offer Designated Material in evidence at the hearing in its direct case shall identify such material in any pre-hearing statement. If it becomes necessary for a party to offer Designated Material in evidence at the hearing in its direct case that has not been identified in a pre-hearing statement, a party shall give notice that it intends to use such Designated Material as soon as the need for such use appears. In order to obtain confidential treatment of any Designated Material at hearing, whether or not such Designated Material has

been identified in any pre-hearing statement, the party or third-party seeking confidential treatment must request appropriate relief from the Court. Nothing contained herein, or the failure of any party to object to either designation during discovery and/or prior to the hearing, shall be deemed to be an admission of such party that materials designated by another party or third-party are properly designated as confidential, or a waiver of such party's right to oppose confidential treatment of such materials at the hearing.

17. The terms of this Confidentiality Order shall continue to be binding, both during and after disposition of this action, including any appeals. On conclusion of this action, including all appeals, all Designated Material and copies thereof shall promptly be returned to the party or third-party who provided such material; provided, however, that counsel may retain complete copies of all Designated Materials for archival purposes, subject to the provisions of this Confidentiality Order. No individual or entity other than counsel for the Parties to this Protective Order may retain any documents that constitute Designated Material subject to this Protective Order and/or that incorporate or disclose Confidential Material.

No part of the restrictions imposed by this Confidentiality Order may be terminated, except by the written stipulation executed by counsel of record.

Respectfully submitted,

  s/ Walker G. Harman, Jr.                                     s/ Vincent N. Avallone
Walker G. Harman, Jr., Esq.                                    Vincent N. Avallone, Esq.
*Counsel for Plaintiff*                                                       *Counsel for Defendant*
The Harman Firm, LLP                                          K&L Gates LLP
220 5th Avenue, Suite 900                                     One Newark Center
New York, NY 10001                                                Newark, New Jersey 07102
Phone: (212) 425-2600                                           Phone: (973) 848-4000
Fax: (212) 202-3926                                                   Fax: (973) 848-4001

**SO ORDERED** this   4th   day of   November  , 2016.

                                                                           Hon. Valerie E. Caproni, U.S.D.J.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PAUL SACCO,<br><br>            Plaintiff,<br><br>v.<br><br>STV GROUP, INCORPORATED,<br><br>            Defendant. | Case No. 16-cv-07055-VEC<br><br>Honorable Valerie E. Caproni, U.S.D.J. |

**EXHIBIT A: ACKNOWLEDGMENT AND NON-DISCLOSURE AGREEMENT**

I certify my understanding that Designated Material is being provided to me pursuant to the terms and restrictions of the Confidentiality Order dated _____, 2016 (the "Confidentiality Order").  I certify that I am not an employee of any party to this action.  I have been given a copy of, and have read and understood, the Confidentiality Order.  I agree that I will not provide any Designated Material to any other person, except as ordered by the Court.  I also agree not to disseminate any documents containing any information derived from Designated Material, except as provided in the Confidentiality Order.  I represent and warrant that I will promptly advise counsel for all Parties to this action in writing in the event that, during the course of this action, and after I view Designated Material, I become employed by any party to this action.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Confidentiality Order.

Dated: _____

_____
NAME (Signature)

_____
NAME (Print)

_____
COMPLETE ADDRESS (Print)